## CLAIM FOR DAMAGES FOR INJURIES NOT ABATED BY DEATH.

Circuit Court of Cuyahoga County.

ANNA M. HAYES, ADMINISTRATRIX, v. THE CLEVELAND ELECTRIC RAILWAY COMPANY.

Decided, March 11, 1907.

*Abatement—Action for Damages for Personal Injuries Does Not Abate by Death of Plaintiff.*

An action for damages for personal injuries caused by wrongful act, does not abate by the death of the plaintiff, even though the wrongful act complained of was the direct cause of death, but may be revived in the name of the administrator.

*H. E. Parsons,* for plaintiff in error.
*Squire, Sanders & Dempsey,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Edward Hayes brought a suit against the defendant for personal injuries which he claimed to have sustained through the negligence of the defendant.

While that suit was pending he died and the action was revived in the name of the administratrix of his estate. The railway company answered to the original petition denying liability.

When the case came to trial, counsel for the plaintiff admitted in open court that the original plaintiff died by reason of the injuries for which the suit was originally brought. The plaintiff then introduced a witness, and upon the motion of the defendant, all evidence on the part of the plaintiff was excluded, and a judgment was rendered for the defendant. The theory upon which the court acted was, that since provision is made by Section 6134, Revised Statutes, for the prosecution of an action for wrongful death, there could be no revivor of a suit in the name of the administrator, where the death resulted from the wrongful act for which the original suit was brought.

Error is prosecuted here to reverse this action of the court, and we are led to a consideration of certain sections of the statutes in order to determine whether or not error occurred.

Section 5144 reads:

"Except as otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party."

If this section stood alone, and we find no section and there is none, providing that actions for personal injuries should abate by the death of the party injured, there could be no question, it would seem that this action did not abate, and that it could be revived in the name of the administrator, but it is urged that since Section 6134, Revised Statutes, provides for the

bringing of an action for wrongful death by an administrator for the benefit of the widow and next of kin, and that if the action brought by the injured party in his life time for injuries which finally resulted in his death is to survive such death, then we should have two actions, one for the benefit of the estate of the deceased, and another for the benefit of his widow and next of kin, both maintainable.    We do not think this follows.

Damages can be recovered but once on the same cause of action, and the cause of action in either of the cases supposed, would be the wrongful act of the defendant at the time the injury occurred.

Section 4975, however, provides that:

"In addition to the causes of action which survive at common law, causes of action for mesne profits or injuries to the person or property or for deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same."

It can not be denied that there seems to be some difficulty in attempting to apply the provisions of these several sections of the statute; for, if the cause of action for the injury survives the death of the injured party, then after the death of the injured party an action could be brought for that injury by the administrator of his estate, and yet, by Section 6134, Revised Statutes, an action for the death may be brought if the death result from the injury, for the benefit of the widow and next of kin.

We think, however, the most reasonable construction to be placed upon Section 4975, Revised Statutes, is, that though the cause of action therein mentioned survives notwithstanding the death of the party injured, when the death results from the injury for which the party injured might himself maintain an action, the parties for whose benefit it may be brought after the death are fixed by Section 6134.    It is said, however, that such construction should as well be given to Section 5144, Revised Statutes, and that, therefore, where death results from the injury, even though an action has already been begun by the injured party, such action must abate upon the death of the in-

jured party. This is not without force, yet it seems to us that the reason for construing Section 5144 literally is so great that it is not overcome by the reasoning applied to Section 4975.

In the case of *O. & P. Coal Co.* v. *Smith, Administrator,* 53 Ohio State, 313, the language of the syllabus is:

"A pending action to recover damages for injuries caused by the negligence of the defendant, does not abate by the death of the plaintiff."

There is no suggestion in this case that the cause of the plaintiff's death will in any wise affect the proposition stated in the syllabus. There is nothing in the report which indicates whether the death in that case was the result of the injury or not.

In the case of *Helman* v. *Railway Co.,* 58 Ohio State, 400, it is said, speaking of Section 6134 (at page 408):

"While at common law the party injured by the negligence of another had a right of action against such party for damages, such right of action does not survive, but abates at his death. The effect of this statute is to pick up this abated right of action of the deceased, and permit it to be prosecuted by the administrator, for the benefit of the next of kin. It is not a new right of action that is prosecuted by the administrator, but it is the same right of action which the deceased had until his death. Upon the death of the injured party, the right of action by the force of the statute passes by succession to the administrator for the benefit of the next of kin."

This supports what has already been said in this opinion, that there is but one cause of action against the party causing the injury, whether that injury results in death or not, and it would seem, therefore, that if no action were pending at the time of the death of the injured party, none could be commenced by his administrator for the benefit of his estate. It is further said in this same case:

"The right of action to recover damages in respect to such act rests in the injured party alone, so long as he lives, and should he be compensated in his lifetime no action can be maintained by his administrator or next of kin for damages, even though it should be clear the next of kin sustained a great pecuniary loss by reason of the wrongful act."

This same view is taken in the case of *Solar Refining Company* v. *Elliott, Administrator*, 15 Circuit Court Reports, 581.

It seems a curious thing that a settlement made by the injured party in his lifetime of a suit brought by him to recover damages for the injury should cut off the right to maintain an action under Section 6134, but yet, if such action having been brought, the injured party fails to settle and his action is pending at the time of his death, the administrator of his estate might not continue that action.

It is said in *Helman* v. *Railway Company, supra*:

"In such cases the pecuniary loss sustained by the next of kin is deemed compensated by the increase of the estate of the deceased."

We have read carefully the very able opinion of Judge Tilden in the case of *Gallagher* v. *River Furnace & Dock Company*, 2 N.P.(N.S.), 661, but fail to reach the conclusion reached in that case.

We hold that the action brought by the decedent in his lifetime did not abate by his death, but was properly revived in the name of the administrator, and he was entitled to have the same proceed to trial.

There was, therefore, error on the part of the court in excluding evidence on the part of the plaintiff, and the judgment is reversed and the cause remanded for such further proceedings as are authorized by law.